FILED
SEP 24 2015
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT GLENN, CDCR #C-65516,<br><br>  Plaintiff,<br><br>vs.<br><br>UNKNOWN,<br><br>  Defendants. | Civil No.   15cv1339 BEN (DHB)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff Albert Glenn, a prisoner currently incarcerated at California State Prison in Lancaster, California ("LAC"), has filed an almost completely illegible pleading which, as far as the Court can decipher, contains acts of retaliation and unprofessional misconduct committed by unidentified prison officials at unspecified times and occurring at both LAC and Calipatria State Prisons. (Docket No. 1, Compl. at 1, 4.)

Because Plaintiff is proceeding without counsel, the Court has liberally construed Plaintiff's pleading as an attempt to commence a civil action pursuant to 42 U.S.C. § 1983. *See Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (where a plaintiff appears in propria persona, the Court must construe his pleadings liberally and afford plaintiff any benefit of the doubt).

## I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence this action, nor has he submitted a Motion to Proceed IFP. Therefore, his case is subject to immediate dismissal pursuant to 28 U.S.C. § 1914(a). And while the Court would ordinarily grant him leave to file an IFP motion pursuant 28 U.S.C. § 1915(a), it finds, for the reasons set out below, that doing so would be futile since Plaintiff is no longer entitled to that privilege.

## II. 28 U.S.C. § 1915(g)'s "Three-Strikes" Bar

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee" in installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> ... has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to §

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, eff. May 1, 2013. However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *King*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting section 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

### III. Application to Plaintiff's Case

As an initial matter, the Court has reviewed Plaintiff's pleading and has ascertained that it contains no "plausible allegation" to suggest Plaintiff faced imminent danger of serious physical injury at the time of filing. *See Cervantes*, 493 F.3d at 1055. While far from clear, it appears Plaintiff seeks to challenge the "professional[ism] of staff," and unspecified acts of retaliation "driven by homosexual wardens." (Compl. at 3.)

Additionally, even if Plaintiff had filed a motion to proceed IFP, the Court notes that Plaintiff is not entitled to the IFP privilege.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to

matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff Albert Glenn, CDCR Inmate #C-65516, has had at least three prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They include:

(1) *Glenn v. Fox*, Central Dist. Cal. Civil Case No. 2:02-cv-09126-UA-MLG (Dec. 20, 2002) (Order denying IFP and dismissing case based on absolute judicial immunity)[2] (Doc. No. 2) (strike one);

(2) *Glenn v. Johnson*, Central Dist. Cal. Civil Case No. 2:03-cv-00664-UA-MLG (Feb. 10, 2003 Order denying IFP and dismissing complaint for lack of jurisdiction) (Doc. No. 2), and (Aug. 5, 2003 Order denying leave to appeal IFP, certifying that appeal would be frivolous pursuant to 28 U.S.C. § 1915(a)(3)) (Doc. No. 6) (strike two); and

(3) *Glenn v. Ryan*, Southern Dist. Cal. Civil Case No. 3:03-cv-00414-L-POR (May, 9, 2003 Order denying IFP and dismissing action for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) (Doc. No. 3), and (Nov. 19, 2003 Certified copy of judgment, Ninth Circuit Court Appeal No. 03-56288, Order dismissing appeal for lack of jurisdiction) (Doc. No. 11) (strike three).

Accordingly, because Plaintiff has, while incarcerated, already accumulated three "strikes" as defined by section 1915(g), and he fails to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed

---

[2] When absolute immunity applies, claims for damages are frivolous. *See Baker v. King Cnty. Prosecutor's Office*, 981 F.2d 1257 (9th Cir. 1992); *see also Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) (finding claims for damages against federal judge entitled to absolutely immunity patently frivolous).

this case, he is not entitled to the privilege of proceeding IFP. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (noting that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### IV. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a); and

(2) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: September 22, 2015

HON. ROGER T. BENITEZ
United States District Judge